IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KIMBERLY K. PECHAL<br>   Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | C.A. NO. 6:21-cv-589 _____ |
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST AND FAY SERVICING, LLC<br>   Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust ("**Trustee**") and Fay Servicing, LLC ("**Fay**") (both are collectively "**Defendants**") hereby remove this case from the 146th District Court of Bell County, Texas to the United States District Court for the Western District of Texas, Waco Division. Defendants deny the claims and damages alleged in Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction (the **"Complaint"**) and file this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

### I.   INTRODUCTION

1.   On or about May 26, 2021, Plaintiff, Kimberly K. Pechal (**"Plaintiff"**) commenced this action by filing Plaintiff's Complaint, Cause No. 325,075-B in the 146th District Court of Bell County, Texas (the **"State Court Action"**). See Exhibit C-1. To Defendants' knowledge they have not yet been formally served with the Complaint, but filed an Answer in the State Court Action on June 9, 2021. See Exhibit C-3.

999999.262/4109203.1

2. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendants' first receipt of the initial state court pleading. *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. BASIS FOR REMOVAL

4. This action is within the original jurisdiction of the United States District Court based on federal question jurisdiction. Furthermore, venue is proper in the Western District of Texas, Waco Division, under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.

### A. Federal Question Jurisdiction

5. Removal is proper because Plaintiff's suit involves a federal question. 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). A case arises under 28 U.S.C. §1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." See *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689-90 (2006). Further, the Fifth Circuit Court of Appeals has held that "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights." *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Cir. 1988).

6.  Among other claims, Plaintiff has alleged violations of Real Estate Settlement Procedures Act ("**RESPA**").[1] Plaintiff's claims arise under the laws of the United States of America, the United States District Court has original jurisdiction, and removal is appropriate.

7.  Additionally, this Court should also exercise supplemental jurisdiction over all claims because they are so related to the federal claims that they form part of the same case or controversy.  See 28 U.S.C. § 1367(a).  As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplement jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allpattah Servs., Inc.*, 545, 558 (2005).

B.  **Improper Joinder**

8.  Although not named in the style of the Complaint, Plaintiff references Rushmore Loan Management Services, LLC ("**Rushmore**") as a party.[2]  Upon information and belief, it appears that Rushmore is inadvertently named and is not meant to be named as an actual party to the Complaint.  Regardless, if Rushmore is intended to be named as a part, Rushmore is a nominal party or was improperly joined.

9.  From the face of the Complaint, it is evident that Plaintiff has not stated or even attempted to state a cause of action against Rushmore.  A removing party may establish improper joinder by showing that the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.  A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.

10. In applying this test, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant."  However, unlike a 12(b)(6) analysis, the Court

---

[1] See Complaint at ¶ 9 referencing 12 CFR 1024, et. seq. of RESPA and alleging violations of same.
[2] See Complaint at ¶ 4.

retains discretion to pierce the pleadings and review evidence on whether plaintiff has a viable cause of action under state law.

11. In the context of a motion to dismiss, factual allegations in a complaint must be sufficient to raise the right to relief above a speculative level. Reciting naked assertions devoid of "further factual enhancement" does not suffice. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that the pleader is plausibly entitled to relief.

12. Plaintiff's factual allegations against Rushmore do not exist in the Complaint other than naming Rushmore and certainly do not raise Plaintiff's right to relief above the speculative level since any formulaic recitation of vague allegations even if it existed would be insufficient to support a claim against Rushmore. Plaintiff's Complaint includes no specific allegations or causes of action against Rushmore and fails under the standards for a motion to dismiss.

13. Although the consent to the removal is not required from nominal parties such as Rushmore, no known service has been accomplished as to Rushmore, therefore Rushmore's consent is not required for this additional reason..

## IV.     JURY DEMAND

14. Plaintiff has made no known jury demand in the State Court Action.

## V.     CONCLUSION

15. For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    Email: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2021, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

Robert C. Newark, III
A Newark Firm
1341 W. Mockingbird Lane, Suite 600W
Dallas, Texas 75247
**Via Email and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.